IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| WILLIE JAMES TERRELL, | : | PRISONER HABEAS CORPUS |
|     Petitioner, | : | 28 U.S.C. § 2254 |
| | : | |
|     v. | : | |
| | : | |
| MR. CARTER, Autry State Prison, | : | CIVIL ACTION NO. |
|     Respondent. | : | 1:13-CV-4137-TWT-GGB |

**<u>FINAL REPORT AND RECOMMENDATION</u>**

Petitioner is confined at Autry State Prison in Pelham, Georgia. Petitioner, pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) Respondent moved to dismiss the petition for lack of exhaustion of state remedies. (Doc. 7.) Petitioner opposes the motion. (Docs. 11, 14).

Petitioner challenges his judgment of conviction for murder and other crimes entered in the Superior Court of Fulton County in December 2009. (Doc. 1 at 1; Doc. 8-1 (judgment).) The lawyer who represented Petitioner at trial promptly filed a motion for new trial, reserving the right to amend the motion when transcripts and other information became available. (Doc. 8-2.)

In September 2010, Petitioner, pro se, filed a petition for a writ of habeas corpus in the Superior Court of DeKalb County. (Doc. 8-4.) Petitioner challenged his judgment of conviction in that petition and alleged, among other things, that his trial

counsel rendered ineffective assistance.  (*Id.*)  The state habeas case was transferred to the Superior Court of Ware County in March 2012.  (Doc. 8-5.)  In September 2012, the case was dismissed without prejudice as premature because Petitioner's motion for new trial was pending and his judgment thus was not final.  (Doc. 8-6.)  In September 2013, the Georgia Supreme Court denied Petitioner's application to appeal that ruling.  (Doc. 11 at 5.)

In December 2013, Petitioner filed a habeas petition in the Superior Court of Mitchell County and filed his habeas petition in this federal action.  (Docs. 1, 8-8.)  At a hearing in the Mitchell County case in May 2014, the state court dismissed the action without prejudice.  (Doc. 11 at 5.)

Given his intent to challenge his judgment of conviction on grounds that his trial counsel was ineffective, Petitioner was appointed new counsel to represent him on his motion for new trial.  The new lawyer filed an amended motion for new trial in March 2014.  (Doc. 8-3.)  That motion is pending.  Respondent thus moves to dismiss this federal action because Petitioner has not exhausted his state remedies for challenging his judgment of conviction and the judgment is not final.  (Doc. 7.)

A district court may not grant a petition for a writ of habeas corpus unless "(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(I) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).  To exhaust state remedies, a petitioner must present his claims, on direct appeal or collateral review, to the highest state court of review according to that state's appellate procedure.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845-47 (1999).  In Georgia, that procedure involves a direct appeal after the trial court disposes of any motion for new trial.  *See* O.C.G.A. §§ 5-6-34(a), 5-6-36(a), 5-6-38(a); *Horton v. Wilkes*, 302 S.E.2d 94, 96 (Ga. 1983) ("[W]e find that it was the intent of the General Assembly that a person imprisoned by virtue of a sentence of a state court of record cannot institute a petition for habeas corpus until the conviction is final."); *see also Tooten v. Shevin*, 493 F.2d 173, 175-77 (5th Cir. 1974) (state prisoner required to go through trial and direct appeal before seeking federal habeas relief).

Petitioner has not exhausted any of the grounds for relief in his federal petition because the trial court is still considering his post-judgment challenge and request for a new trial.  While Petitioner complains of the delay in adjudicating his motion for new trial, he has not shown that the state process is unavailable or ineffective.  As discussed above, Petitioner decided less than a year after he was convicted and sentenced to challenge the judgment on grounds that his trial counsel was ineffective.  He asserted

3

that challenge in separate state courts via multiple petitions for habeas relief. Petitioner's challenge required new counsel, which was appointed for him after his first state habeas case concluded.  New counsel then filed an amended motion for new trial.  Those events demonstrate that Petitioner's state case is moving forward and is not idle.

Although Petitioner's state case is moving forward somewhat slowly, "a district court should only in rare instances . . . deviate from the exhaustion requirement."  *See Jackson v. Walker*, 206 F. App'x 967, 968 (11th Cir. 2006) (quotation marks omitted). In a case involving an eight-year delay in post-conviction proceedings in Georgia state court, the U.S. Court of Appeals for the Eleventh Circuit found it "inappropriate to waive the exhaustion requirement where the petitioner has a viable state procedure available."  *Hughes v. Stafford*, 780 F.2d 1580, 1581 (11th Cir. 1986).  Petitioner has not shown that the state procedure he is pursuing, through newly appointed counsel, is not viable.  *See Slater v. Chatman*, 147 F. App'x 959, 960 (11th Cir. 2005) ("Given that the state courts are now moving forward with Slater's direct appeal, we cannot say that 'there is an absence of available State corrective process[] or circumstances exist that render such process ineffective to protect the rights of the applicant.'"); Order, *Henry v. Ward*, No. 1:03-cv-2290-CC (N.D. Ga. July 28, 2004) (dismissing for lack

4

of exhaustion where motion for new trial had been pending six years).  Moreover,

Petitioner's multiple pro se habeas filings in different courts during the pendency of

his motion for new trial may have complicated matters and contributed to the delay.

In short, Petitioner has not exhausted his state remedies as to any of his claims

or shown that the process he has invoked in state court is ineffective.  When all of a

federal petitioner's claims are unexhausted, the district court should dismiss the

petition without prejudice to allow the petitioner to exhaust his state remedies.  *See*

*Rose v. Lundy*, 455 U.S. 509, 519 (1982); *Wright v. Oubre*, 768 F. Supp. 2d 1277,

1283-85 (N.D. Ga. 2011) (dismissing without prejudice § 2254 petition containing

only unexhausted claims).

Accordingly, I **RECOMMEND** that respondent's motion to dismiss [7] be

**GRANTED** and this action be **DISMISSED WITHOUT PREJUDICE** for lack of

exhaustion.  I **FURTHER RECOMMEND** that a certificate of appealability be

**DENIED** because the exhaustion issue is not reasonably debatable.  *See* 28 U.S.C.

§ 2253(c)(2); *Jimenez v. Quarterman*, 129 S. Ct. 681, 684 n.3 (2009).

**SO RECOMMENDED** this ___19th___ day of ___August___, 2014.

_Gerrilyn G. Brill_
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE